## UNDERHILL *v.* COLLINS.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

APPEAL—REVIEW.
 Where, in an action for rent reserved on a written lease, the evidence is conflicting as to whether the landlord assented to the surrender of the premises, and the jury find for plaintiff, the verdict will not be disturbed.

Appeal from special term, Kings county.

Action for rent reserved on a written lease by Jeronemus S. Underhill against Samuel Collins, who abandoned the premises before the expiration of the term. Judgment for plaintiff. Defendant appeals. Defendant abandoned the premises because of gambling in the building, and sent the keys to plaintiff, who refused to accept them, and they were afterwards placed on plaintiff's desk. Plaintiff re-rented the premises for a short while during the term of the lease, and credited the rent to defendant.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*P. Q. Eckerson,* for appellant. *Walter S. Logan,* (*Charles M. Demond,* of counsel,) for respondent.

PRATT, J. At request of defendant, the court charged the jury that, if the landlord rented the premises to other parties without notifying the defendant that he should do so, the verdict must be for the defendant. There was testimony given by the plaintiff that he refused to accept the surrender, and told defendant he would hold him for the rent. In view of the charge given, as above quoted, we must understand that the jury believed in the landlord's evidence. They were entirely justified in so doing. If defendant's liability was supposed to be of any value, no reason is apparent why the landlord should have been willing to release it. And the fact that the keys were once refused by the landlord, and at a subsequent time were put upon his desk in his absence, was strong corroboration of plaintiff's testimony. The court fairly left to the jury whether the landlord assented to the surrender. No error was committed, and the verdict must be affirmed, with costs. All concur.